UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRP FUND VIII, LLC, | Case No.: 2:20-cv-01001-APG-BNW |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 15] |
| NEWREZ, LLC, | |
| Defendant | |

Plaintiff TRP Fund VIII, LLC filed this declaratory relief action in Nevada state court, and defendant NewRez, LLC removed the case to this court. TRP owns property located at 2764 Carnation Lane in Henderson, Nevada. TRP contends that a note secured by a deed of trust encumbering that property was accelerated more than 10 years ago and that acceleration was not properly rescinded, so the deed of trust is terminated under Nevada Revised Statutes § 106.240. TRP seeks a declaration that the deed of trust is terminated and unenforceable, and thus no longer encumbers the property. NewRez is the current beneficiary of record for the deed of trust.

NewRez moves to dismiss, arguing that § 106.240 does not apply because allowing the statute to terminate the deed of trust while litigation over the deed of trust's validity was pending creates an absurd result. NewRez also argues that litigation over the deed of trust's validity has been pending for years, and allowing the statute to extinguish the deed of trust after TRP's predecessor lost that litigation would be inequitable. Finally, NewRez contends that the note did not become wholly due through the notice of default, the borrower retained reinstatement rights so the loan was never wholly due within the statute's meaning, and the loan was timely decelerated by a notice of rescission.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Section 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

The deed of trust gave the lender the contractual right to accelerate the debt. ECF No. 1-2 at 15 (stating that in the event of a default, the lender may "invoke the power of sale, including the right to accelerate full payment of the Note"). The complaint alleges that on February 22, 2010, NewRez's predecessor recorded a notice of default and election to sell under the deed of trust and declared "all sums secured thereby immediately due and payable." ECF No. 1-1 at 5; *see also* ECF No. 15-3 (recorded notice of default). The complaint further alleges that in September 2012, a notice of rescission was recorded. ECF No. 1-1 at 5. That notice stated that

the trustee for the deed of trust's beneficiary "rescind[s], cancel[s] and withdraw[s]" the notice of default. ECF No. 15-6.

The Supreme Court of Nevada recently indicated that recording a rescission of the notice of default containing similar language cancels the notice of default and thus "effectively cancel[s] the acceleration." *Glass v. Select Portfolio Servicing, Inc.*, No. 78325, 2020 WL 3604042, at *1 (Nev. July 1, 2020). Because the trustee canceled the acceleration through the rescission of the notice of default, the deed of trust has not been extinguished by operation of § 106.240. *See id.*; *Bank of Am., N.A. v. Estrella II Homeowners Ass'n*, No. 2:16-cv-02835-APG-DJA, 2020 WL 4194004, at *3 (D. Nev. July 21, 2020); *Valin v. Nationstar Mortg., LLC*, No. 2:19-cv-01785-GMN-DJA, 2020 WL 4606662, at *3-4 (D. Nev. Aug. 11, 2020).

TRP's complaint is based solely on its contention that § 106.240 extinguished the deed of trust. TRP does not seek leave to amend, nor does it identify a factual basis under which it could amend to plausibly state a claim. Because amendment would be futile, I dismiss the complaint with prejudice. *See Valin*, 2020 WL 4606662, at *5.

I THEREFORE ORDER that defendant NewRez, LLC's motion to dismiss **(ECF No. 15) is GRANTED**. Plaintiff TRP Fund VIII, LLC's complaint **(ECF No. 1-1) is dismissed with prejudice**. The clerk of court is instructed to enter judgment in favor of defendant NewRez, LLC and against plaintiff TRP Fund VIII, LLC, and to close this case.

DATED this 6th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE